```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ADAM C. MARTIN,                                            :

                Plaintiff,                                 :

        v.                                                 :         MEMORANDUM AND ORDER

COMMISSIONER OF SOCIAL SECURITY,                           :         19-CV-1831 (GBD) (KNF)

                Defendant.                                 :
-----------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## BACKGROUND

The plaintiff commenced this action against the Commissioner of Social Security seeking review of an administrative law judge's ("ALJ") decision, dated April 4, 2018, finding him ineligible for Supplemental Security Income benefits, pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1385. After the defendant filed the administrative record, the plaintiff made a motion for judgment on the pleadings. On November 12, 2019, the assigned district judge signed a stipulation and order of remand, pursuant to sentence four of 42 U.S.C. § 405(g). Before the Court is the plaintiff's motion for attorney's fees in the amount of $13,288.37, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The defendant opposes the requested amount.

## PLAINTIFF'S CONTENTIONS

The plaintiff asserts that he is the prevailing party in this action because he obtained the relief sought, the fee petition is timely and his financial net worth is within the maximum allowed under 28 U.S.C. § 2412(d)(2)(B)(I), as he filed this action in forma pauperis. According to the plaintiff, the defendant's position was not substantially justified in this case, which the

1

defendant showed by stipulating to the entry of judgment remanding the matter under sentence four, 42 U.S.C. § 405(g). The plaintiff contends that his counsel "substantially discounted the award" request in this case, which "was not a routine case in light of the issues and arguments in plaintiff's Memorandum of Law." According to the plaintiff, "[t]he rate shown in the statement of services for Attorney Portnoy was calculated at $325, his market rate for legal services in non-contingent matters." In support of the motion, the plaintiff submitted his attorneys' affirmations with exhibits.

Timothy S. McAdam ("McAdam") states in his affirmation that he performed legal services in this action, including analyzing the record. Attached to McAdam's affirmation are: (a) the retainer agreement in this action; (b) McAdam's resume; (c) "a chart prepared by the General Counsel, [Social Security Administration] Region II, showing applicable hourly rates for attorneys fees in the United States for all Urban consumers up until December 2019"; and (d) the "itemization of services" based upon contemporaneous time records kept in counsel's computer systems. McAdam asserts he spent 8.9 hours of work on this matter at an hourly rate of $207.94, for a total of $1,850.67. McAdam's itemized list of professional services indicates he spent 8.9 hours of work on this matter at an hourly rate of $300, for a total of $2,670. McAdam was admitted to the New York bar in 1986 and is a partner at McAdam & Fallon, P.C. He represents individuals in matters pertaining to Social Security disability claims, long term disability claims, elder law and estates.

Irwin M. Portnoy ("Portnoy") states in his affirmation that he performed legal services for the plaintiff, including drafting part of the brief in support of the motion for judgment on the pleadings. Attached to his affirmation are his resume and an itemization of services based on contemporaneous time records kept on the computer system he uses in his practice. Portnoy

states he spent 68.12 hours on this action at an hourly rate of $207.94, for a total of $14,164.87, and he asserts "Discount: 13 hours Billing Judgment" for a total amount $11,437.70. Portnoy has been in private practice since 1989, representing individuals in administrative proceedings and various federal courts respecting disability claims and related matters. Portnoy's experience includes service as an administrative law judge ("ALJ"), Office of Hearings and Appeals, Social Security Administration, from 1980 to 1989. Portnoy's itemized list of professional services indicates he spent 65.31 hours on this matter for a total of $21,228.72.

## DEFENDANT'S CONTENTIONS

The defendant asserts that district courts in this circuit "have ruled for decades that 20 to 40 hours reflects a reasonable expenditure of time in an average Social Security disability case," and this case was neither complex nor novel. The defendant contends that the hours expended are excessive because they include more than 52 hours spent drafting the plaintiff's motion for judgment on the pleadings, in addition to 2.5 hours spent by a second attorney reviewing and proofreading the brief, and an additional 7.2 hours conferring with the plaintiff, reviewing the record and drafting and filing other documents. Spending more than 54 hours on briefing is not reasonable in a case in which the plaintiff argued that the residual functional capacity assessment was not supported by the record, the record was not developed, the ALJ erred in finding some impairments were not severe, the plaintiff met the listing requirements and the plaintiff's credibility was assessed improperly. According to the defendant, these are routine issues raised in Social Security cases that are not novel or complex and, as experienced Social Security disability practitioners, both attorneys could be expected to address the issues in this case in an efficient manner. Given that McAdam represented the plaintiff at the administrative level, he should have at least a working knowledge of the record, the size of which was not unusual. The

defendant contends that overstaffing the case with two attorneys led to duplication of efforts, with Portnoy drafting the brief and McAdam reviewing it. Moreover, review of the instant motion "demonstrates a troubling lack of attention to detail that the Court may consider," including McAdam's time records containing eight identical generic entries for "Email to/from Susan Baird ['Baird'], Assistant U.S. Attorney," on dates between October 4, 2019, and November 8, 2019. In support of the opposition to the motion, Baird submitted a declaration in which she states that no emails were received from or sent to McAdam in connection with this case on October 7, 11 and 21, 2019. The defendant asserts that two calculation errors exist in the plaintiff's motion: (1) Portnoy's affirmation lists 68.12 hours spent on this case, but the time records indicate that 65.31 hours were expended; and (2) "a multiplication error in calculating the number of hours expended times the hourly rate" exists in Portnoy's affirmation, namely, if the 65.31 hours showing in the time records for Portnoy are discounted by 13 hours pursuant to "Billing Judgment," the result is a total of 52.31 hours, which multiplied by $207.94 equals $10,877.77. The defendant asserts that any award should be limited to no more than 40 hours of attorney time.

## PLAINTIFF'S REPLY

The plaintiff asserts that "the ALJ either misread or misunderstood the most significant evidence at the end of the record, i.e. mental illness," resulting in an unreasoned decision, and the "issue which the ALJ relied on was not routine either," namely, "a comment in the record which was a supposition by that person about the failure to cooperate with treatment rather than Mr. Martin's ability or inability to do so by reason of addiction." The ALJ also misunderstood or misread the facts concerning "whether Mr. Martin was already addicted to opioids based on his history when he was first treated for Fibromyalgia, Myofascial pain, low back and

4

lumbosacral radiculopathy" and "whether that addiction should have been subject to a materiality analysis." Moreover, the ALJ misapplied the criteria for evaluating mental illness. The plaintiff asserts that the experience of counsel should not be used to reduce the hours spent in providing legal services. "The clerical tasks which Defendant's counsel referred to as erroneous, were simply clerical mistakes, and as such should be deducted."

## LEGAL STANDARD

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
>
> 28 U.S.C. § 2412(d)(1)(A).

For the purposes of the EAJA, "fees and other expenses" include "reasonable attorney fees" and "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

## APPLICATION OF LEGAL STANDARD

The defendant only challenges the hours expended by counsel in this action and does not challenge the hourly rate for legal services sought by the plaintiff's counsel, $207.94, which appears to be an average hourly rate in 2019, based on the cost of living adjustment for the tri-state area including New York, New Jersey and Connecticut, as calculated by the Office of the General Counsel, Region II, Social Security Administration, using data from the United States Department of Labor, Bureau of Labor Statistics. See Docket Entry No. 32-3. The Court finds

5

that $207.94 is a reasonable hourly rate for the legal services rendered, in light of the cost of living increase.

The defendant asserts that district courts in this circuit "have ruled for decades that 20 to 40 hours reflects a reasonable expenditure of time in an average Social Security disability case." However, the suggested "20 to 40 hours" benchmark was based on the first set of cases decided under the EAJA.  See Perez v. Heckler, No. 82 CIV. 8627, 1984 WL 62847, at *3 (S.D.N.Y. Mar. 1, 1984) (finding excessive hours under the EAJA by comparing them to those claimed in similar cases that were determined in 1982 and 1983).  That district courts have ruled a certain way for decades, without more, is not sufficient to conclude that the hours requested are excessive.  See Bowers v. Hardwick, 478 U.S. 186, 199, 106 S. Ct. 2841, 2848 (1986) (Blackmun, J., dissenting) ("Like Justice Holmes, I believe that '[i]t is revolting to have no better reason for a rule of law than that so it was laid down in the time of Henry IV.  It is still more revolting if the grounds upon which it was laid down have vanished long since, and the rule simply persists from blind imitation of the past.' Holmes, The Path of the Law, 10 Harv.L.Rev. 457, 469 (1897)).

McAdam did not rebut Baird's assertion that no email communications occurred between them in connection with this case on October 7, 11 and 21, 2019.  McAdam seeks fees for the time he spent performing administrative tasks, such as filing items electronically and copying documents, for which he billed at his professional hourly rate.  The Court finds, therefore, that a reduction in McAdam's total hours, from 8.9 to 7.4, is warranted.  Thus, the amount of McAdam's reasonable attorney's fees is $1,538.76.

As noted above, Portnoy states in his affirmation that he spent 68.12 providing legal services to the plaintiff at an hourly rate of $207.94, for a total of $14,164.87, and he asserts

"Discount: 13 hours Billing Judgment," yielding a total amount of $11,437.70. However, Portnoy's time records indicate that he spent 65.31 hours working on this matter, not 68.12, as he claims. Moreover, if Portnoy discounted 13 hours from the 68.12 hours he claims in his affirmation, the result is 55.12 hours, which multiplied by the hourly rate of $207.94 results in $11,461.65, not $11,437.70. If the total number of hours indicated in Portnoy's time records 65.31 is reduced by 13 hours, the result is 52.31 hours, which multiplied by $207.94 results in $10,875.25. Portnoy failed to explain these discrepancies and clarify the total number of hours he expended in this action. The Court is not persuaded that: (a) this action involved complex or novel legal issues or factual circumstances; and (b) drafting and reviewing the plaintiff's brief constitutes duplication of efforts. The record in this case is not unusually voluminous and, contrary to the plaintiff's assertions, the issues addressed by the ALJ and challenged in this action are routine in cases brought under the Social Security Act. The plaintiff pointed to nothing exceptional that distinguishes the circumstances of his case from those in standard cases brought under the Social Security Act in this district, including cases involving mental illness. The Court is persuaded that the number of hours Portnoy expended in connection with this matter is excessive, warranting a reduction. The Court finds that the reasonable number of hours in connection with Portnoy's legal services in this action is 45, which multiplied by $207.94 results in $9,357.30. See Salvo v. Comm'r of Soc. Sec., 751 F. Supp.2d 666, 674 (S.D.N.Y. 2010) ("Attorneys are not entitled to fees under the EAJA for work that is unreasonable, redundant, excessive, or unnecessary."); Sava v. Comm'r of Soc. Sec., No. 06 Civ. 3386, 2014 WL 129053, at *4 (S.D.N.Y. Jan. 10, 2014) (reducing Portnoy's fees by 30 percent based on the absence of complex legal or medical issues).

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for attorney's fees, Docket Entry No. 30, is granted and the total amount of reasonable attorney's fees pursuant to the EAJA in this action is $10,896.06, consisting of $1,538.76 for McAdam and $9,357.30 for Portnoy.

Dated: New York, New York
      May 29, 2020                                       SO ORDERED:

*[signature]*

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE