UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ADAM C. MARTIN,                                   :

       Plaintiff,                                  :

       v.                                                    :     **MEMORANDUM AND ORDER**

COMMISSIONER OF SOCIAL SECURITY, :
                                                       19-CV-1831 (GBD) (KNF)

       Defendant.                                 :
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

       On May 29, 2020, the Court awarded the plaintiff attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, in the total amount of $10,896.06, consisting of $1,538.76 for the plaintiff and $9,357.30 for counsel. See Docket Entry No. 40. Before the Court are: (1) the plaintiff's motion for attorney's fees in the amount of $61,569.38, pursuant to 42 U.S.C. § 406(b), Docket Entry No. 41; and (2) an amended motion for an adjusted award of attorney's fees in the amount of $31,046.24, Docket Entry No. 50, pursuant to 42 U.S.C. § 406(b).

       The plaintiff argues that "this Court should allow a reasonable fee up to 25% of the retroactive benefit received by plaintiff on a favorable judgment under 42 U.S.C. 406(b)." According to the plaintiff, "there is no impediment to a district court considering a motion to adjust a Section 406(b) award based upon an adjustment of that award by the Social Security Administration after the award is granted by the Court." The plaintiff asserts he could not risk an untimely filing and filed a motion for an award of attorney's fees within the fourteen-day time limit. The plaintiff asserts that 65.31 hours expended by his counsel on this action resulting in an award of benefits at an hourly rate of $475.37 is reasonable. The judgment in this action was

1

entered under section four, 42 U.S.C. § 405(g), resulting in an award of benefits to the plaintiff retroactively and on an ongoing basis. The plaintiff agreed to pay 25% of his retroactive benefit to secure representation in this action. The plaintiff asserts that a delay of seven years in receiving a substantial retroactive payment and ongoing benefits and the risk of not receiving the benefits warrant a high level of compensation. In support of the motion, the plaintiff submitted an affirmation by his attorney, Irwin M. Portnoy ("Portnoy"), with the October 19, 2020 decision by an administrative law judge finding the plaintiff disabled beginning April 15, 2014, and the February 10, 2021 notice of award of benefits issued by the defendant. Portnoy states that the plaintiff and he agreed to the following on January 23, 2019:

> "If my attorney is successful in the United States district Court or the United States Court of Appeals, I agree to pay my attorney Twenty Five percent of (25%) of all past due benefits awarded to me and my family in my Social Security Disability case or, my supplemental Security Income disability case, or both. This fee may be greater than any particular hourly amount for services and may be greater than any particular hourly amount for services, and may exceed $950.00 per hour. I will pay no fee unless I win my case. . . .they may also apply for approval of legal fees under 42 U.S.C.§406(b) of the Social Security Act.
>
> (Aff. Timothy S. McAdam filed 12/19/2019 (Doc. 32-1)

Portnoy states that he and the plaintiff will refund the fees awarded under 28 U.S.C. § 2412. In his supplemental affirmation, Portnoy states:

> The notice of award provided to the Court in support of the motion for attorneys fees filed herein was $41,046.25. In the amended motion, it was adjusted to reflect the fact that Mr. McAdam was approved for a fee for his services at the administrative level of $9999.99. The balance available from Mr. Martin's award is $31,046.26.

The defendant asserts that the plaintiff's request for $31,046.34 for 65.31 hours of work yields "a de facto hourly rate of $ 475.37." According to the defendant, "[c]ourts within this

Circuit have approved comparable hourly rates, and thus this request does not appear to be unreasonable."

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.
>
> 42 U.S.C.A. § 406(b)(1)(A).

"Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht v. Barnhart, 535 U.S. 789, 807, 122 S. Ct. 1817, 1828 (2002). In determining whether the fee is reasonable, courts consider whether: (i) "the contingency percentage is within the 25% cap"; (ii) "there has been fraud or overreaching in making the agreement; and (iii) "the requested amount is so large as to be a windfall to the attorney." Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990).

> Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." Act of Aug. 5, 1985, Pub.L. 99–80, § 3, 99 Stat. 186. "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the ... EAJA award up to the point the claimant receives 100 percent of the past-due benefits."
>
> Gisbrecht. 535 U.S. at 796, 122 S. Ct. at 1822.

Upon review of the parties' submissions concerning the motion and amended motion for attorney's fees and the evidence in support of the motions, the Court finds that the fee requested

is within the statutory limit, no fraud or overreaching exists in making the fee agreement between the plaintiff and his counsel and the requested amount is not so large as to be a windfall for the attorney. Accordingly, the Court finds that the fee request in the amount of $31,046.24, pursuant to 42 U.S.C. § 406(b), is reasonable, and the plaintiff's amended motion, Docket Entry No. 50, is granted. The plaintiff is entitled to $31,046.24 in attorney's fees, and the plaintiff's attorney shall refund to the plaintiff the moneys received pursuant to an award of attorney's fees under 28 U.S.C. § 2412. The Clerk of Court is directed to close Docket Entry Nos. 41 and 48 as moot.

Dated: New York, New York
      July 16, 2021

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE